IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

AUG 2 0 2004

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| CANAL INDEMNITY CO. | § § | |
| VS. | § § § | CIVIL ACTION NO. B-04-093 |
| GEORGE COYLE | § § | A jury is demanded |

## MOTION FOR LEAVE TO AMEND ORIGINAL PETITION

TO THE COURT:

COMES Now Canal Indemnity Co., Plaintiff in the above styled and numbered cause and files this Motion for Leave to Amend Original Petition and would show the court as follows

1. This matter was filed June 7, 2004. Defendant Ruben Eloy Vidaurri filed his Pro Se Answer on or about July 2, 2004. Defendant George Coyle filed his answer on or about July 14, 2004.

2. Defendant Rene Everette Cases has been served but has not appeared or answer herein.

3. Plaintiff seeks leave of court to amend its original petition to correct some typographical errors and to more clearly set out the allegations against the defendants. No new substantive allegations are being added to Plaintiff's claims.

4. Plaintiff would show that the underlying single truck tractor collision out of which this Declaratory Judgment arises occurred on or about December 21, 2003. No statute of limitations has passed which would bar any amendment of Plaintiff's pleadings.

5. No substantive or procedural rights of any party will be prejudiced by the amending of Plaintiff's petition.

6. A true and correct copy of the proposed First Amended Petition is attached hereto as **Exhibit "A"**.

## CERTIFICATE OF SERVICE

I, A. Peter Thaddeus, Jr. hereby certify that a true and correct copy of the foregoing document has been sent to

Frank E. Pérez
Attorney at Law
300 Mexico Blvd.
Brownsville, Texas 78520

Ruben Eloy Vidaurri
2701 Wharton Road
Mission, Texas 78574
Pro se

on this the 18th day of August, 2004 via regular mail.

_____
A. PETER THADDEUS, JR.

Canal Indemnity Co. vs. Coyle\Leave motion       3

7.   Counsel for the plaintiff has conferred with counsel for Defendant George Coyle and does not oppose the Motion for Leave. Counsel has, in good faith, attempted to confer with pro se defendant Ruben Eloy Vidaurri. He has received no response to the letter attached hereto as **Exhibit "B"** and Plaintiff assumes Defendant Vidaurri does oppose the motion.

Wherefore premises considered, Plaintiff prays that court grant its Motion for leave to Amended Original Petition as prayed for and for such other and further relief at law or in equity to which it may show itself entitled.

Respectfully submitted,

THADDEUS LAW OFFICE
710 Laurel, Suite C
McAllen, Texas 78501
Tel: 956-342-0915
956.618.5236 (fax)

_____
A. PETER THADDEUS, JR.
State Bar No. 19819500
Fed. ID No. 0793
Attorney for Plaintiff

CERTIIFCATE OF CONFERENCE

In accordance with the Rules of Court, the undersigned counsel for the Plaintiff hereby certifies that in good faith he has attempted to contact all parties of record and was only able to contact counsel for the Defendant Coyle who is not opposed to the motion. Pro se Defendant Vidaurri did not respond to the attempts to contact him.

_____
A. PETER THADDEUS, JR.



PLAINTIFF'S EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| CANAL INDEMNITY CO. | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. |
| | § | B-04-093 |
| | § | |
| GEORGE COYLE | § | A jury is demanded |

PLAINTIFF'S FIRST AMENDED PETITION FOR
DECLRARTORY JUDGMENT

TO THE COURT:

COMES NOW CANAL INDEMNITY CO., and files this First Amended Petition for Declaratory Judgment and would show the court as follows:

1.  Plaintiff Canal Indemnity Co. is a stock insurance company with its principal place of business in Greenville, South Carolina.

2.  George Coyle, Defendant, is a resident of the state of Texas and has appeared and answer herein. No service is neccesay

3.  Rene Everett Casas, Defendant is a resident of the state of Texas has been served with process by serving summons and a copy of the Original Petition on her but she has failed to answer and is wholly in default.

4.  Ruben Eloy Vidaurri Defendant is a resident of the state of Texas and has appeared and answered herein. No service is necessary.

**Venue**

5.  Venue of this declaratory judgment action is proper before the United States District Court for the Southern District of Texas, Brownsville Division, because the Defendant, George Coyle resides in Brownsville, Cameron County, Texas.

## Jurisdiction

6. This United States District Court has jurisdiction over this cause of action pursuant to 28 U.S.C. §1332 for the reason that the parties are residents of different states. Plaintiff's principal place of business is in South Carolina. Defendant George Coyle is a resident of the state of Texas. Claims have been made by Rene Everett Casas and Ruben Vidaurri for personal injuries arising out of a single truck tractor roll over accident where damages in all likelihood exceed the $75,000.00 diversity jurisdiction threshold.

7. Plaintiff sold an automobile insurance policy to George Coyle of Brownsville, Texas included coverage for a 1997 Red Kenworth truck tractor operated under Coyle's ICC permit for policy period which includes the period of time relevant to the claims of Rene Everett Casas and Ruben Vidaurri. See **Exhibit "A"**. The truck tractor is owned by Veronica Olivares of Mission, Texas and leased to Coyle.

8. On or about December 21 2003, Casas was driving a 1997 Red Kenworth Truck tractor, VIN # 1XKAD69X5VJ745767 operated under Defendant Coyle ICC permit when she lost control on U.S. Highway 60 in Gila County Arizona. The truck tractor and trailer ran off the road and rolled over allegedly injuring Casas and Vidaurri who was riding as a passenger.

9. The Truck tractor had been assigned to Coyle employee Vidaurri. No one else was authorized or had permission to drive the truck tractor. Vidaurri was not authorized to permit anyone else to drive the truck tractor.

10. Casas and Vidaurri have retained counsel made claims for personal injuries and damages they claim to have sustained in the accident.

11. Plaintiff brings this declaratory judgment action pursuant to 28 USC § 2201 and Federal Rule of Civil Procedure 57 requesting the court find that Rene Everett Casas was a non-

permissive user of the 1997 Red Kenworth truck tractor at the time of the collision for which Plaintiff owes no duty of indemnity.

12. Plaintiff sold a policy of insurance to George Coyle which was in effect at the time of the occurrence out of which this civil action arose. The insurance policy is L036098 and is attached as **Exhibit "A"**

13. The automobile insurance policy provides the company will pay on behalf of the **insured** all sums which the **insured** shall become legally obligated to pay. **"Persons insured"** is defined in the policy as follows:

> III. Persons Insured: Each of the following is an **insured** under this insurance policy to the extent set forth below:
>
> (a) the **named insured**;
> ...
> (c) any other person while using an **owned automobile** or a **temporary substitute automobile** with the permission of the **named insured,** provided his actual operation or (if he is not operating) his actual use thereof is within the scope of such permission, but with respect to **bodily injury** or **property damage** arising out of the loading or unloading thereof, such other person shall be an **insured** only if he is:
>
> > (1) a lessee or borrower of the **automobile,** or
> > (2) an employee of the **name insured** or such lessee or borrower

14. Plaintiff would show that Rene Everett Casas was not a **person insured** as that term is defined in the policy. Plaintiff is thus not obligated to pay for any claims for injuries and damages asserted by Rene Everett Casas or Ruben Vidaurri against George Coyle.

15. Plaintiff requests the Court to declare that since Rene Everett Casas was not an insured or permissive driver of the 1997 Red Kenworth Truck tractor, that Plaintiff, under definitions in the automobile insurance policy, Plaintiff has no duty to indemnify George Coyle in the event a lawsuit is filed by Casas and a judgment is entered against him by in a personal injury action.

16. Plaintiff requests the Court to declare that since Rueben Eloy Vidaurri was an employee of George Coyle not an insured or permissive driver of the 1997 Red Kenworth Truck tractor, that Plaintiff, under definitions in the automobile insurance policy, Plaintiff has no duty to indemnify George Coyle in the event a lawsuit is filed by Vidaurri and a judgment is entered against him by Vidaurri in a personal injury action.

17. Plaintiff has retained the undersigned counsel to represent him in this action and has agreed to pay the attorney a reasonable fee for his professional services. Plaintiff requests the court award reasonable and necessary attorney's fees to the plaintiff for this action.

18. WHEREFORE, Plaintiff Canal Indemnity Company prays that the Defendants be cited to appear and answer herein and that plaintiff have judgment for the following:

   A) A declaration that Plaintiff does not owe a duty to indemnify George Coyle from any claims or judgments against Coyle which may arise out of the December 21, 2003 motor vehicle accident involving Rene Everett Casas and Ruben Vidaurri;

   B) Reasonable and necessary attorney's fees;

   C) Costs of court; and such other and further relief at law or in equity to which Plaintiff may show itself entitled.

> Respectfully submitted,
>
> THADDEUS LAW OFFICE
> 710 Laurel, Suite C
> McAllen, Texas 78501
> 956.342.0915
> 956.618.5236 (Fax)
>
> _____
> A. PETER THADDEUS, JR.
> State Bar No. 19819500
> Fed. ID No. 0793
> Attorney for Canal Indemnity Company

## CERTIFICATE OF SERVICE

I, A. Peter Thaddeus, Jr. hereby certify that a true and correct copy of the foregoing document has been sent to

Frank E. Pérez
Attorney at Law
300 Mexico Blvd.
Brownsville, Texas 78520

Ruben Eloy Vidaurri
2701 Wharton Road
Mission, Texas 78574
Pro se

on this the _____ day of August, 2004 via facsimile or regular mail.

_____
A. PETER THADDEUS, JR.

5

Canal Indemnity vs Coyle\Pleading\1<sup>st</sup> amend petition

## CERTIFICATE OF SERVICE

I, A. Peter Thaddeus, Jr. hereby certify that a true and correct copy of the foregoing document has been sent to

Frank E. Pérez
Attorney at Law
300 Mexico Blvd.
Brownsville, Texas 78520

Ruben Eloy Vidaurri
2701 Wharton Road
Mission, Texas 78574
Pro se

on this the _____ day of August, 2004 via facsimile or regular mail.

_____
A. PETER THADDEUS, JR.

# THADDEUS LAW OFFICE
710 Laurel Ave Suite C
McAllen, Texas 78501
956.342.0915
956.618.5236(Facsimile)
APThaddeus@aol.com (E-mail)

August 9, 2004

Ruben Eloy Vidaurri
2701 Wharton Road
Mission, Texas 78574
    Pro se

      RE:    Civil Action No. B-04-093, Canal Indemnity Co. vs. George Coyle,
             United States District Court for the Southern District of Texas,
             Brownsville Division

Dear Mr. Vidaurri:

    Enclosed please find for filing the following document(s):

**Motion for Leave to Amend Original Petition**

    Pursuant to the Federal Rules of Civil Procedure require me to confer with you and determine whether you oppose the granting of the Motion for Leave and allow me to file the amended petition. Please let me know whether you oppose the motion. If I do hear from you by August 13, 2004, I will assume you do not oppose the motion and I will file the documents and convey that information to the court.

    Should you have any questions, please do not hesitate to contact me.

                                       Sincerely yours,

                                       A. PETER THADDEUS, JR.

APT:
cc:    Client
        Frank Perez

PLAINTIFF'S EXHIBIT 13