United States District Court
Southern District of Texas
FILED

OCT 1 3 2004

Michael N. Milby, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| CANAL INDEMNITY CO. | § § | |
| VS. | § § § | CIVIL ACTION NO. B-04-093 |
| GEORGE COYLE | § | A jury is demanded |

JOINT DISCOVERY/CASE MANAGEMENT PLAN
UNDER RULE 26(f) FEDERAL RULES OF CIVIL PROCEDURE

Canal Indemnity Co. ("Plaintiff") and George Coyle ("Defendant") file their Joint Discovery/Case Management Plan Under Rule 26(f) of the Federal Rules of Civil Procedure pursuant to the Court's Order of June 7, 2004 as follows:

1. **State where and when the meeting of the parties required by Rule 26(f) was held and identify the counsel who attended for each party.**

   Counsel for Plaintiff (Peter Thaddeus) and Defendant (Frank Pérez) conferred over the telephone about the matters set forth in the Court's Order and Rule 26(f) on October 11 and 12, 2004. Other parties could not be located.

2. **List the cases related to this one that are pending in any state or federal court with the case number and court.**

   None.

3. **Briefly describe what this case is about.**

   Plaintiff is challenging whether the policy of insurance issued to Defendant George Coyle provides insurance coverage for the injuries and damages claimed by Defendants Ruben Vidaurri and Rene Everett Casas arising of an motor vehicle accident which occurred On or about December 21 2003, Casas was driving a 1997 Red Kenworth Truck tractor, VIN # 1XKAD69X5VJ745767 operated under Defendant Coyle ICC permit when she lost control on U.S. Highway 60 in Gila County Arizona. The truck tractor and trailer ran off

the road and rolled over allegedly injuring Casas and Vidaurri who was riding as a passenger.

4. Specify the allegation of federal jurisdiction.

Diversity under 28 U.S.C. 1332

5. **Name the parties who disagree and the reasons.**

None.

6. **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

An executor\administrator of the Estate of George Coyle may have to be joined when appointed.

7. **List anticipated interventions.**

None.

8. **Describe class-action issues.**

None.

9. **State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

Canal Indemnity and George Coyle have made the initial disclosures as required.

10. **Describe the proposed agreed discovery plan, including:**

   A. **Responses to all matters raised in Rule 26(f).**

   (1) Initial disclosures: The parties have agreed to make such disclosures by no later than 14 days after the Initial Pretrial Conference.

   (2) Subjects for discovery, schedule and phases: Discovery should be straight forward with initial written discovery going forward followed by possibly a few oral depositions. The issue before the court is primarily of contract

and the applicability of the insurance policy for claims made out for injuries arising out of the underlying motor vehicle accident

(3) Discovery limitations: At this time, the parties do not believe there should be changes in the limitations on discovery in the Federal Rules or the Local Rules.

(4) Other orders: The parties do not believe there are any other orders necessary at this time. The parties may submit an agreed protective order at a later time.

B. **When and to whom the plaintiff anticipates it may send interrogatories.**
Canal Indemnity anticipates sending Interrogatories to Defendant Coyle within 14 days of the Initial Pretrial Conference.

C. **When and to whom the defendant anticipates it may send interrogatories.**
George Coyle anticipates sending Interrogatories to Defendant Coyle within 14 days of the Initial Pretrial Conference.

D. **Of whom and by when the plaintiff anticipates taking oral depositions.**
Canal Indemnity anticipates that in addition to taking the oral depositions of a representative of George Coyle Trucking, that it will take oral depositions of Ruben Vidaurri and Rene Casas.

E. **Of whom and by when the defendant anticipates taking oral depositions.**
George Coyle anticipates that in addition to taking the oral depositions of a representative of Canal Indemnity Co. that it will take oral depositions of Ruben Vidaurri and Rene Casas.

F. **When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a) (2) (B), and when the opposing party will be able to designate responsive experts and provide their reports.**

Plaintiff:   Canal Indemnity would anticipate it could designate experts and provide expert reports 30 days after the completion of written discovery and the taking of oral depositions.

Defendant:   George Coyle anticipates designating experts with one week of receiving Plaintiff's designation of Experts and reports.

G. **List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their completion date. See Rule 26(a) (2) (B) (expert report).**

Canal Indemnity will depose any experts of Defendant within 45 days of the time Defendant designates its expert and provides reports.

George Coyle will depose any experts of Plaintiff within 45 days of the time Plaintiff designates its expert and provides reports.

H. **List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a) (2) (B) (expert report).**

Defendant Coyle will depose any Plaintiff experts within 45 days of the time Plaintiff designates experts and provides reports.

11. **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

    None.

12. **Specify the discovery beyond initial disclosures that has been undertaken to date.**

    Canal Indemnity Co. has served Request for Admissions to Defendant Coyle.

13. **State the date the planned discovery can reasonably be completed.**

    The parties expect that they will need 120 days to conduct discovery.

14. **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

    The parties believe that mediation is not appropriate at this time.

15. **Describe what each party has done or agreed to do to bring about a prompt resolution.**

    Plaintiff is in the process of preparing a Motion for Summary which will be dispositive of the issues presented.

16. **From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable and state when such a technique may be effectively used in this case.**

    Once Plaintiff Motion for Summary Judgment is filed Alternate Dispute Resolution in the form of settlement talks or Mediation maybe appropriate to resolve the dispute.

17. **Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

    The parties do not consent to trial before a magistrate.

18. **State whether a jury demand has been made and if it was made on time.**

    Canal Indemnity states that a jury has not been demanded.

19. **Specify the number of hours it will take to present the evidence in this case.**

    The party's best estimate at this time is that it will take 2 full days of court time to try this case or approximately 10 hours.

20. **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

    None.

21. **List other motions pending.**

    None known at this time

22. **Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

    None.

23. **Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.**

    Canal indemnity Co. filed is Disclosure by mailing it to the Court on or about July 29, 2004.

George Coyle field is Disclosure by mailing it to the Court on July 15, 2004.

24. **List the names, bar numbers, addresses and telephone numbers of all counsel.**

A. Peter Thaddeus, Jr.
Thaddeus Law Office
State Bar No. 19819500
Fed. ID No. 0793
710 Laurel, Suite C
McAllen, Texas
956.342.0915
956.630.6570

Frank E. Pérez
Pérez & Piette
Attorneys and Mediators
State Bar No. 15776540
Fed. I.D. No. 1930
300 Mexico Blvd.
P.O. Box 3490
Brownsville, Texas 78520

Respectfully submitted,

THADDEUS LAW OFFICE
710 Laurel, Suite C
McAllen, Texas 78501
Tel: 956-342-0915
     956.618.5236(Fax)

_____
A. PETER THADDEUS, JR.
State Bar No. 19819500
Fed. ID No. 0793
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I, A. Peter Thaddeus, Jr. hereby certify that a true and correct copy of the foregoing document has been sent to

Frank E. Pérez
Attorney at Law
300 Mexico Blvd.
Brownsville, Texas 78520

Ruben Eloy Vidaurri
2701 Wharton Road
Mission, Texas 78574
Pro se

on this the _13th_ day of October 2004 via regular mail.

_____
A. PETER THADDEUS, JR.